Gabriel N. Rubin (SBN 241659)
Mossamat N. Karim (SBN 327911)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: Gabriel.Rubin@jacksonlewis.com
Email: Mossamat.Karim@jacksonlewis.com

Attorneys for Defendants
WATERMARK RETIREMENT COMMUNITIES,
LLC and WATERMARK SERVICES IV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA SHAVLIK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WATERMARK RETIREMENT COMMUNITIES, LLC, d/b/a THE WATERMARK AT NAPA VALLEY and WATERMARK SERVICES IV, LLC,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>[Filed Concurrently with Civil Cover Sheet; Notice of Removal; Declaration of Michael Burkhart; Notice of Interested Parties; and Corporate Disclosure Statement]<br><br>Complaint Filed: 12/16/2022<br>Trial Date:          TBD |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant WATERMARK RETIREMENT COMMUNITIES, LLC (erroneously filed as WATERMARK RETIREMENT COMMUNITIES, LLC d/b/a THE WATERMARK AT NAPA VALLEY) and Defendant WATERMARK SERVICES IV, LLC hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. sections 1331 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County

of Napa (the "Superior Court") to the United States District Court for the Northern District of California (the "District Court").[1]

The following statement of grounds for removal is submitted pursuant to the provisions of section 1446.

## I.   STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under section 1332(a)(1), and this case may be removed pursuant to section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.[2]

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.   PLEADINGS AND PROCESS

3. On December 16, 2022, Plaintiff ("Plaintiff") filed a Complaint in the Superior Court entitled *Victoria Shavlik v. Watermark Retirement Communities, LLC dba Watermark at Napa Valley and Watermark Services IV, LLC*, Case No. 22CV001544 (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff in the State Court Action is attached as **Exhibit A.**

4. In the Complaint, Plaintiff alleges four causes of action for: (1) religious discrimination; (2) retaliation in violation of Section 12940(h) and (1)(4); (3) whistleblower retaliation; and (4) failure to prevent discrimination and harassment. (Exhibit A.)

5. Defendants were first served with a copy of the Summons, Complaint, and Civil Case Cover Sheet by delivery upon its authorized agent for service of process in California on January 9, 2023. A true and correct copy of the Summons and all related case documents served on Defendants in the State Court Action other than the Complaint are collectively attached as **Exhibit B.**

6. Defendants are informed and believes that they are the only named defendants in the State Court Action. *See also* 28 U.S.C. § 1446(2)(A) ("all defendants who have been properly joined and served

---

[1]   All subsequent references to "section" are to Title 28 of the United States Code unless otherwise noted.
[2]   Defendants deny that Plaintiff is entitled to damages for $75,000 but are informed and belief that Plaintiff is seeking damages for amount exceeding $75,000.

2
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

must join in and consent to the removal of the action").

7. On January 30, 2023, Defendants filed and served their Answer in the State Court Action. A true and correct copy of Defendants' Answer filed in the State Court Action is attached as **Exhibit C.** Exhibits A through C constitute all the pleadings that have been filed in the State Court Action as of the filing of this Notice of Removal.

### III. TIMELINESS OF REMOVAL

8. This Removal is timely because it is being filed within thirty (30) days after Defendants were served with a copy of Plaintiff's Summons and Complaint, on January 9, 2023. Exhibits A and B.

9. This Removal is, therefore, filed within the time period mandated by section 1446(b), since the deadline to remove is February 8, 2023. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint); Fed R. Civ. Proc. 6.

### IV. VENUE

10. The State Court Action was filed in the Superior Court in the County of Napa, which sits within the Northern Judicial District of California. 28 U.S.C. §§ 84(a) ("The Northern District comprises the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, and Sonoma."). As such, Defendants are compelled to remove this case to the Northern Judicial District of California. *See* 28 U.S.C. § 1441(a).

11. However, Defendants contend that venue of this action properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, *et seq*. and 1391(a) because this is the judicial district of the Court in which the action arose, where Plaintiff resides, and where the causes of action arose. Plaintiff resides in Napa County and Defendant believes that the action and causes of action arose there. As such, venue is proper in the Northern Judicial District of California. 28 U.S.C. §§ 84(a).

### V. THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a).

12. This case meets the requirements of section 1332(a) and may be removed to federal court pursuant to section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein

the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A.  The Parties Are Citizens of Different States.

13. This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States   . . ." *See* 28 U.S.C. § 1332 (a).

14. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as discussed below.

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002) 300 F.3d 1129, 1131 (for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.

17. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. See *Johnson v. Columbia Props. Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899. A party may establish the citizenship of members of an LLC that are business entities by establishing the state of organization of those business entities and their principal place of

business. *Buie v. Extended Stay Hotels* (E.D. Cal. May 16, 2018) 2018 U.S. Dist. LEXIS 82834, * 5-6.

18. Here, Plaintiff alleges that she is a resident of the County of Napa, State of California. *See* Exhibit A. Plaintiff also listed and maintained a California address on file with Defendants for purposes of her personnel file and payroll checks during the period of her employment with Defendants. Declaration of Michael Burkhurt ("Burkhurt Decl."), ¶ 10. Accordingly, Plaintiff is, and at all times since the commencement of this action has been, a citizen of the State of California.

19. Defendants Watermark Retirement Communities, LLC and Watermark Services IV, LLC are formed under the laws of the State of Delaware. Burkhart Decl., ¶ 4-5. Defendant Watermark Services IV, LLC's sole member is Watermark Retirement Communities, LLC. *Id*. Defendant Watermark Retirement Communities, LLC's headquarters, and this its principal place of business if the State of Arizona. The majority of their primary officers' work and have worked out of the Arizona headquarters. Arizona is also where Defendants' officers direct, control, and coordinate the majority of the limited liability companies' activities. Burkhart Decl., ¶ 5.

20. Defendant Watermark Retirement Communities, LLC has three members: Keppel Capital Senior Living, LLC; Watermark Investment Manager, LLC; and Watermark Senior Investments, LLC. *Id* at ¶6. All three limited liability companies are formed under the laws of the State of Delaware. *Id* at 7-9.

21. Keppel Capital Senior Living, LLC is holding company formed in the State of Delaware with its agent in the State of Delaware. Keppel Capital US Holding, Inc., is the sole member of Keppel Capital Senior Living, LLC. Keppel Capital US Holding Inc. is solely owned by Keppel Capital Holdings Pte, LTD which is formed and registered in Singapore. *Id* at ¶ 7.

22. Watermark Investments Manager, LLC has two members, Barnes Family Revocable Trust and Diana and David Freshwater Living Trust. Barnes Family Revocable Trust's trustee David Barnes is a resident of the State of Wyoming. David Freshwater Living Trust's trustee David Freshwater is a resident of the State of Wyoming. Burkhart Decl., ¶ 8.

23. Watermark Senior Investments, LLC has two members, Barnes Family Revocable Trust and TFG Holdings X, LLC. Barnes Family Revocable Trust's trustee David Barnes is a resident of the State of Wyoming. TFG Holdings X, LLC is wholly owned by David Freshwater Living Trust whose trustee David Freshwater is a resident of the State of Wyoming. Burkhart Decl., ¶ 9.

24. Given that neither Defendants nor their members were formed or incorporated in California, and are not headquartered in California, *Defendant is not a citizen of California*.

25. Pursuant to section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding the "district court was correct in only considering the domicile of the named defendants"). Defendants are informed and believe, and on that basis assert, that no other party is named in this action that has been properly joined, or served as provided in section 1441(b)(2).

26. Based on the foregoing, this action is one between "citizens of different States" in accordance with section 1332(a).

### B. Plaintiff's Allegations Place More Than $75,000 in Controversy.

27. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

28. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

29. Courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan*

*Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[3] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); see also *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

30. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56.

31. Although the Complaint does not specify the dollar amount of damages being sought, Defendants have a reasonable and good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this Court for the following reasons:

    a. Plaintiff claims that as a result of Defendants' actions, she has suffered damages, including back pay, front pay, and all benefits. (Complaint, *inter alia,* ¶ 62).

    b. Plaintiff further alleges she has suffered past non-economic damages and will suffer future non-economic damages (*id.*, ¶ 63).

32. Plaintiff was being paid $26.00 per hour when her employment ended on or around February 28, 2022. See Burkhart Decl. ¶ 10. Reasonably likely trial date in this matter will be around January 2024. Applying Plaintiff's salary at the time of termination and the reasonably likely trial date, the amount of lost earnings in controversy in this case is at least $91,520.00.

33. Although Plaintiff does not state in her Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 477, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

34. The following cases establish that in employment discrimination cases, emotional distress

---

[3] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendants in no way concede that Plaintiff's claims are valid or that she is entitled to recover anything from Defendants.

damages alone are often sufficient to satisfy the amount in controversy requirement. *See Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases). In *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999), the court upheld an emotional distress award of $450,000 in a single-plaintiff employment discrimination case where the plaintiff did not seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress. In *Betson v. Rite Aid Corp.*, *34 Trials Digest 14th 9*, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011), the plaintiff was awarded $500,000 for pain and suffering in an employment discrimination action.

35. Accordingly, the amount in controversy on Plaintiff's claims for emotional distress damages alone are more likely than not to exceed $75,000.

36. Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000 the jurisdictional requirement of this Court.

37. Thus, this civil action may be removed to the District Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

38. This Notice of Removal is filed within thirty (30) days after Defendants were properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. Exhibits A and B. This Notice therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

**NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES**

39. As required by section 1446(d), a copy of the Notice of Removal is being filed in the State Court Action. A true and correct copy of Defendants' Notice of Filing Removal is attached as **Exhibit D.**

40. As also required by section 1446(d), Defendants are serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service.

///

///

WHEREFORE, Defendants pray the State Court Action now pending against them in the Superior Court be removed therefrom to this District Court.

Respectfully submitted,

DATED:  February 2, 2023              JACKSON LEWIS P.C.


By:   */s/Gabriel N. Rubin*
Gabriel N. Rubin
Mossamat N. Karim
Attorneys for Defendants
WATERMARK RETIREMENT COMMUNITIES, LLC, d/b/a THE WATERMARK AT NAPA VALLEY and WATERMARK SERVICES IV, LLC

4875-5333-8190, v. 1

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT